**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD CLIFFORD SALMELA,** | : | |
| ***Plaintiff,*** | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | |
| **CAROLYN COLVIN,** | : | **NO. 13-5369** |
| **Acting Commissioner of Social Security,** | : | |
| ***Defendant.***[1] | : | |

**MEMORANDUM**

PRATTER, J. APRIL 30, 2015

## I. INTRODUCTION

Richard Clifford Salmela brings this action pursuant to 42 U.S.C. § 1383(c)(3), which incorporates by reference 42 U.S.C. § 405(g), seeking review of the final determination of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). After independent consideration of the Administrative Record, submitted pleadings, U.S. Magistrate Judge Henry Perkin's Report and Recommendations, Mr. Salmela's Objections thereto, and the Commissioner's Response, the Court approves and adopts the Report and Recommendations in part and denies it in part. The Court grants in part and denies in part Mr. Salmela's request for review, based upon the Administrative Law Judge's failure to present the impartial vocation expert with a hypothetical question that completely presented Mr. Salmela's limitations, and the Court remands to the Commissioner for further proceedings.

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Under Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

## II.   BACKGROUND

Mr. Salmela, born on March 21, 1969, was 40 years old when he protectively filed his applications for DIB and SSI.  He has a high school education and completed two years at Temple University.  His past relevant work experience includes working as a service order dispatcher and a painter.  At the time of the hearing before the Administrative Law Judge ("ALJ") in this case, Mr. Salmela was divorced and living with his friend's sister and her daughter.

Mr. Salmela filed applications for DIB and SSI on October 30, 2009, alleging that he has been disabled since September 5, 2007, as a result of herniated discs, chronic low back pain, depression, bipolar disorder, anxiety, and high blood pressure.  His date last insured is December 31, 2007; therefore, to be eligible for DIB benefits, Mr. Salmela had the burden to prove that he became disabled on or before December 31, 2007.

Mr. Salmela's claim was denied at the initial review stage on July 15, 2010.  He filed a timely request for a hearing in front of an ALJ.  Pursuant to that request, a hearing was held on July 31, 2011, at which Mr. Salmela, accompanied by counsel, appeared and testified.  An impartial vocational expert William Slaven also testified.

On November 23, 2011, the ALJ issued a decision unfavorable to Mr. Salmela.  According to the ALJ, Mr. Salmela had the following severe impairments: chronic low back pain syndrome, obesity, depression, bipolar disorder, anxiety disorder, and substance abuse opioid dependence maintained on agonist therapy.  She also found that he had moderate limitations in social functioning.  Nonetheless, based on testimony from vocational expert William Slaven, she found that Mr. Salmela was capable of performing a significant number of jobs in the regional and national economies.

Mr. Salmela timely requested review of the ALJ's decision. The Appeals Council denied his claim on July 15, 2013, and on September 16, 2013, Mr. Salmela filed a Complaint seeking review in this Court. Pursuant to Local Rule of Civil Procedure 72.1 and 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Perkin for a Report and Recommendations. Magistrate Judge Perkin issued his Report and Recommendations, recommending the denial of Mr. Salmela's request for review and the entry of judgment in favor of the Commissioner.

Mr. Salmela timely filed Objections to the Report and Recommendations, and the Commissioner responded to those Objections.

## III. STANDARD OF REVIEW

When a party makes a timely and specific objection to a portion of a magistrate judge's Report and Recommendations, the district court applies a *de novo* review to the issues raised on objection. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. *Id.*

However, the district court may review the ALJ's final decision only in order to determine "whether that decision is supported by substantial evidence." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Stated differently, the court "is bound by the ALJ's findings of fact if they are supported by substantial evidence on the record." *Plummber v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hartranft*, 181 F.3d at 360 (quoting *Pierce v. Underwood*, 487 U.S. 552 (1988)). The court may not "weigh the evidence," *Williams v. Sullivan*,

970 F.2d 1178, 1183 (3d Cir. 1992), and "will not set the Commissioner's decision aside if it is supported by substantial evidence, even if [the court] would have decided the factual inquiry differently," *Hartranft*, 181 F.3d at 360.

An ALJ's decision must present sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 704-05 (3d Cir. 1981) (citing *S.E.C. v. Chenery Corp.*, 318 U.S. 80, 94 (1943)). While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially significant, probative evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000); *Cotter*, 642 F.2d at 706).

A claimant bears the burden to show disability because he or she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the regulations implementing the Act, the Commissioner uses a five-step sequential process to determine whether a person is "disabled."[2] The claimant satisfies the burden of proving disability by showing an inability to return to his past relevant work. *Rutherford v. Barnhart*, 399 F.3d 546, 551 (3d Cir. 2005). Once the claimant makes this showing, the burden shifts to the Commissioner to show that, given the claimant's age, education, and work experience, the claimant has the ability

[2] This process requires the Commissioner to consider, in sequence, whether a claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment or severe combination of impairments; (3) has an impairment that meets or medically equals the requirements of a listed impairment; (4) has a residual functional capacity to perform the claimant's past relevant work; and (5) if not, whether the claimant is able to perform other work, in view of his age, education, and work experience. 20 C.F.R. § 416.920.

to perform specific jobs existing in the economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Rutherford*, 399 F.3d at 551.

## IV. DISCUSSION

Mr. Salmela raises three objections to the Report and Recommendations. First, Mr. Salmela argues that Magistrate Judge Perkin erred when he concluded it was harmless error for the ALJ to present the vocational expert with a hypothetical question that did not reflect all of Mr. Salmela's impairments and then to rely on the expert's testimony in concluding that Mr. Salmela could perform other jobs existing in sufficient numbers in the economy. His next two objections to the Report and Recommendations relate to the ALJ's treatment of the opinions of Drs. Naseef and Popowich. Each of these objections will be discussed in greater detail below.

### A. Hypothetical Question for Vocational Expert

Although the ALJ noted that Mr. Salmela had moderate difficulties in social functioning, her description of his residual functional capacity does not speak to any limitations in that area. Thus, Mr. Salmela argues, the ALJ erred when she used that same description of his residual functional capacity in posing a hypothetical question for the vocational expert and then when she relied upon the vocational expert's assessment to find that there were jobs in significant numbers in the regional and national economies that he could perform. In the Report and Recommendations in this case, Magistrate Judge Perkin assumed that the ALJ should have included a finding of moderate limitations in social functioning in her hypothetical, but found that the ALJ's error was harmless. After looking at the Dictionary of Occupational Titles ("DOT") and examining the job descriptions for the positions identified by the vocational expert in response to the ALJ's flawed hypothetical, Magistrate Judge Perkin concluded that at least two of those jobs did not require significant social interaction. Specifically, the Report and Recommendations states

that according to the DOT, in the category of "Taking Instructions – Helping," the DOT's descriptions for the jobs of mail clerk and routing clerk/clerical state that the jobs' requirements are "not significant," and in the category of talking for those two positions, the DOT specifies, "Not present—activity or condition does not exist." Finally, the positions have the lowest possible designation for the category of "People," meaning that the job requires a worker to "Attend[] to the work assignment instructions or orders of supervisor." Therefore, Magistrate Judge Perkin found, the vocational expert's response to the hypothetical would be the same, even with the addition of moderate limitations in social functioning to the list of impairments, and, therefore, any error in failing to provide a complete hypothetical was harmless.

In questioning a vocational expert, the Third Circuit has held "in the clearest of terms" that a hypothetical question must include all of a claimant's impairments that are supported by the record. *Ramirez v. Barnhart*, 372 F.3d 546, 552 (3d Cir. 2004). If the hypothetical does not include all of the claimant's substantiated impairments, "the question is deficient and the expert's answer to it cannot be considered substantial evidence." *Id.* Therefore, courts in this Circuit have repeatedly found that a failure to include limitations in mental functioning in a hypothetical question posed to a vocational expert calls for remand. *See, e.g.*, *Decker v. Colvin*, Civil Action No. 14-428, 2015 WL 106589, at *4-6 (W.D. Pa. Jan. 7, 2015) (remanding because the failure of the ALJ to include moderate limitations in social functioning in the hypothetical question posed to the vocational expert rendered the question "'deficient,'" such that it could not "'be considered substantial evidence'" and was not harmless error) (quoting *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987)); *Pounds v. Colvin*, Civil Action No. 13-440, 2014 WL 3845728, at *4-6 (W.D. Pa. Aug. 4, 2014) (remanding and holding that including a limitation on plaintiff's interaction with the general public was insufficient to account for moderate limitations in social

functioning); *Seagraves v. Colvin*, CA No. 13-718, 2014 WL 657549, at *2 (W.D. Pa. Feb. 20, 2014) (remanding for the ALJ to either explain the omission of plaintiff's moderate limitations in social functioning from the description of plaintiff's residual functional capacity/hypothetical question or to obtain vocational expert testimony in response to a complete and accurate hypothetical); *Debias v. Astrue*, Civil Action No. 11-3545, 2012 WL 2120451, at *5-6 (E.D. Pa. June 12, 2012) (finding the vocational expert's testimony "inherently flawed" because of a failure to include moderate limitations in social functioning and remanding "so the ALJ can provide an accurate hypothetical that includes Plaintiff's moderate social function impairment"); *Lam v. Astrue*, Civil Action No. 09-4331, 2011 WL 1884006, at *14 (E.D. Pa. Mar. 31, 2011) ("Until the ALJ forecloses the possibility that the VE could have changed his testimony if the ALJ had included limitations pertinent to the ALJ's own finding of 'moderate' limitations in social functioning, the VE's answer to the hypothetical as posed cannot be said to constitute substantial evidence upon which the ALJ can properly rely.").

Here, the ALJ clearly found that Mr. Salmela had moderate limitations in social functioning, but failed to include those limitations in her description of Mr. Salmela's residual functional capacity or in her hypothetical question to the vocational expert. Because the ALJ did not explain her failure to include Mr. Salmela's moderate limitations in social functioning at these later stages in the analysis, the Court may not speculate now as to her potential reasons for doing so. Thus, given that it is impossible to tell whether the omission was intentional, the Court must turn to the more difficult question of whether the omission, intentional or not, was harmless.

Magistrate Judge Perkin's conclusion that any error was harmless has some logical appeal. However, as Mr. Salmela has pointed out, the DOT descriptions do not shed light on all possible types of social interaction involved in the jobs highlighted by the vocational expert. "Taking

Instructions – Helping" is a fairly narrow area of social interaction, and it does not necessarily follow that insignificant requirements in that narrow area translate into insignificant requirements in all areas of social functioning. Even a low designation in the category of "People" does not provide much detail as to the level of interaction with coworkers and supervisors required for the jobs. These details, however, could be provided by a vocational expert presented with an appropriately-detailed hypothetical question. Thus, the case will be remanded to allow the ALJ to either explain why Mr. Salmela's moderate limitations in social functioning were excluded from the description of his residual functional capacity or to present a vocational expert with a complete and accurate hypothetical.

**B. Dr. Naseef**

Mr. Salmela also objects to Magistrate Judge Perkin's finding that the ALJ properly considered Dr. Naseef's findings. However, the Report and Recommendations thoroughly examined the ALJ's reasoning in according Dr. Naseef's report partial weight and concluded that the ALJ's conclusions were based on substantial evidence. For instance, as noted by Magistrate Judge Perkin, the ALJ specifically discussed Dr. Naseef's finding that Mr. Salmela had "marked" limitations in his ability to respond appropriately to work pressures and poor concentration, and contrasted those findings with other evidence in the record, including observations in Dr. Naseef's own report, such as that Mr. Salmela's memory processes were intact and that there was no evidence of organic impairment. The ALJ also discounted Mr. Salmela's subjective complaints, which appear to be the only source Dr. Naseef considered in concluding that Mr. Salmela had poor concentration. As to Dr. Naseef's assignment of a Global Assessment of Functioning ("GAF") score of 50, the ALJ acknowledged that score, and then fully explained her interpretation of Mr. Salmela's varying GAF scores by noting that, "[a]lthough [Mr. Salmela's] GAF scores have

sometimes been reported as low as 40-45, with treatment and general compliance, the claimant's GAF is usually 60 indicating only mild symptoms." Despite Mr. Salmela's protests to the contrary, Dr. Naseef's GAF score is implicitly included in that discussion. Moreover, "a GAF score of 50 or less is not dispositive on the issue of mental disability as GAF scores do 'not have a direct correlation to the severity requirements of the Social Security mental disorder listings.'" *Butler v. Astrue*, No. 09-3140, 2010 WL 1633395, at *3 (E.D. Pa. Apr. 22, 2010) (quoting *Gilroy v. Astrue*, 351 F. App'x. 714, 715 (3d Cir. 2009)).

For the same reasons expressed in the Report and Recommendation, this Court will overrule Mr. Salmela's objections to Magistrate Judge Perkin's assessment of the ALJ's treatment of Dr. Naseef's report.

**C. Dr. Popowich**

Mr. Salmela also objects to the Report and Recommendations' analysis of the ALJ's treatment of treating physician Dr. Popowich's opinions. He argues that Dr. Popowich's opinions were supported by objective evidence and that therefore, even though he was not an orthopedist, his assessment of Mr. Salmela's physical limitations was entitled to great weight. It is true that treating physician opinions are generally accorded great weight. *See Morales v. Apfel*, 225 F.3d 310 (3d Cir. 2000). In this case, however, the ALJ thoroughly discussed Dr. Popowich's opinions and explained her reasoning in assigning them minimal weight in the context of the whole record. Once again, the ALJ's assessment of Mr. Salmela's credibility, which has not been challenged here, clearly played a role in the evaluation of Dr. Popowich's opinions, to the extent they were based on Mr. Salmela's subjective complaints during his visits with Dr. Popowich. Furthermore, the ALJ properly observed that Mr. Salmela's own description of his daily activities conflicted with Dr. Popowich's opinions regarding Mr. Salmela's physical limitations.

For the same reasons expressed in the Report and Recommendation, this Court will overrule Mr. Salmela's objections to Magistrate Judge Perkin's assessment of the ALJ's treatment of Dr. Popowich's report.

## V. CONCLUSION

For the foregoing reasons, the Court approves and adopts the Report and Recommendations in part and denies it in part. An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE